IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| Freddie B. Jackson, | ) | C/A No. 4:20-cv-01441-SAL |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| Mark Anthony Hayes; Taft Guiles; and Fourth Circuit Solicitor's Office, | ) ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

This matter is before the Court for review of the July 7, 2020 Report and Recommendation of United States Magistrate Judge Kaymani D. West (the "Report"), made in accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B) (D.S.C.). In the Report, the Magistrate Judge recommends dismissal of the case without further leave to amend. [ECF No. 16.] Plaintiff was advised of his right to file objections to the Report. *Id.* No party filed objections to the Report, however, and the time for response has lapsed.

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with this court. *See Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The court is charged with making a de novo determination of only those portions of the Report that have been specifically objected to, and the court may accept, reject, or modify the Report, in whole or in part. 28 U.S.C. § 636(b)(1). In the absence of objections, the court is not required to provide an explanation for adopting the Report and must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (citing Fed. R. Civ. P. 72 advisory committee's note).

1

After a thorough review of the Report, the applicable law, and the record of this case in accordance with the above standard, the Court finds no clear error, adopts the Report, and incorporates the Report by reference herein. For all of the reasons stated in the Report, this case is **DISMISSED** without further leave to amend[1] and without issuance of service of process.

**IT IS SO ORDERED.**

/s/ Sherri A. Lydon
United States District Judge

August 5, 2020
Florence, South Carolina

---

[1] As noted in the Report, Plaintiff was provided an opportunity to attempt to cure the defects in his complaint by filing an amended complaint by May 4, 2020. [ECF No. 10.] Plaintiff failed to file an amended complaint or otherwise attempt to cure the deficiencies in his original filing. Accordingly, this court is exercising its discretion to dismiss the matter without further leave to amend. *Goode v. Central Va. Legal Aid Soc'y, Inc.*, 807 F.3d 619 (4th Cir. 2015).

2